Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

_08 - 422_

| United States District Court | District OF _Delaware_ |
|---|---|

Name (under which you were convicted): _Hillard M. Winn_

Docket or Case No.: _22, 2007/060300909_

Place of Confinement: _Delaware Correctional Center_ _1181 Paddock Road, Smyrna, DE._

Prisoner No.: _152383_

Petitioner (include the name under which you were convicted)    Respondent (authorized person having custody of petitioner)

_Hillard M. Winn_    v.    _Warden Terry Phelps_

The Attorney General of the State of _Delaware_

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _Superior Court, NewCastle County CourtHouse, 500 North King Street, Wilmington, Delaware 19801_

   (b) Criminal docket or case number (if you know): _22, 2007 - #060300909_

2. (a) Date of the judgment of conviction (if you know): _September 11 th, 2006_

   (b) Date of sentencing: _January 3, 2007_

3. Length of sentence: _32 years_

4. In this case, were you convicted on more than one count or of more than one crime? Yes ☒   No ☐

5. Identify all crimes of which you were convicted and sentenced in this case: _Burglary First degree • Assault third degree • Possession of a deadly weapon during the Commission of a felony • Terroristic Threating._

6. (a) What was your plea? (Check one)

   (1)   Not guilty ☒        (3)   Nolo contendere (no contest) ☐

   (2)   Guilty ☐            (4)   Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _Not guilty of all Charges_

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☒        Judge only ☐

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?

Yes ☒   No ☐

9. If you did appeal, answer the following:

(a) Name of court: _Supreme Court of the State of Delaware_

(b) Docket or case number (if you know): _22, 2007_

(c) Result: _affirmed_

(d) Date of result (if you know): _January 28, 2008_

(e) Citation to the case (if you know): _Not Known_

(f) Grounds raised: _Court erred in denial of Motion for acquittal on Count II of indictment based on Franks violation • Impermissible Amendment to Counts I and II of indictment that denied adequate notice, created ambiguity and broadened indictment • Court erred in denial of Motion for acquittal based on erroneous interpretation of unlawful entering or remaining element of burglary offense._

(g) Did you seek further review by a higher state court?   Yes ☐   No ☒

If yes, answer the following:

(1) Name of court: _N/A_

(2) Docket or case number (if you know): _N/A_

(3) Result: _N/A_

(4) Date of result (if you know): _N/A_

(5) Citation to the case (if you know): _N/A_

(6) Grounds raised: _N/A_

(h) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☒   No ☐

If yes, answer the following:

(1) Docket or case number (if you know): _No. 07-10430_

Page 4

(2) Result: *Petition for a Writ of Certiorari denied*

(3) Date of result (if you know): *June 2, 2008*

(4) Citation to the case (if you know): *Unknown*

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☒ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

  (a) (1) Name of court: *Superior Court, New Castle County Court House.*

    (2) Docket or case number (if you know): *0603002909*

    (3) Date of filing (if you know): *November 21, 2006*

    (4) Nature of the proceeding: *Motion for Acquittal / Mistrial*

    (5) Grounds raised: *1) Prosecutorial Misconduct • 2) Violation of Due Process, Franks v. State Violation of Fourth Amendment • 3) Violation of Due Process, Denied Notice of Nature and Cause, opportunity to defend and unconstitutional broadening of indictment •*

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?    Yes ☐ No ☒

    (7) Result: *Denied by Opinion*

    (8) Date of result (if you know): *December 13, 2006*

  (b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court: *Superior Court, New Castle County Court House*

    (2) Docket or case number (if you know): *0603002909*

    (3) Date of filing (if you know): *January 12, 2007*

    (4) Nature of the proceeding: *Motion to dismiss*

    (5) Grounds raised: *Count II defective as instruction on lesser included failed to state an offense • Count I, defective as amend to include Misdemeanor intent • defective for failing to state all the elements necessary to state an offense .*

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?        Yes ☐   No ☒

(7) Result: _The Court Claimed to be without jurisdiction to Act_

(8) Date of result (if you know): _February 9, 2007_

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _Superior Court, New Castle County Court House_

(2) Docket or case number (if you know): _0603002909 · C.A. No. 08M-03-018 RRC_

(3) Date of filing (if you know): _March 3, 2008_

(4) Nature of the proceeding: _Habeas Corpus_

(5) Grounds raised: _Unlawfully restrained of liberty by virtue of an
indictment not drawn by a grand jury · by virtue of a previous
probable cause affidavit · by virtue of prosecutorial intentional presentment
of prejudicis material to the grand jury ; prosecutorial Misconduct_

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?        Yes ☐   No ☒

(7) Result: _Denied , petition failed to State A Claim which such wert May issue_

(8) Date of result (if you know): _March 10, 2008_

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:        Yes ☒   No ☐

(2) Second petition:    Yes ☐   No ☒

(3) Third petition:        Yes ☐   No ☒

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_did not directly appeal the actions themselfs but did raise the
issues to the highest state Court in direct appeal within the
grounds Raised therein_

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: _Violation of Due Process_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_See Attached Memorandum pages 1 through 7_

(b) If you did not exhaust your state remedies on Ground One, explain why: _N/A (yes)_

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _N/A_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    Yes ☒   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus_

Name and location of the court where the motion or petition was filed: _Superior Court, NewCastle County CourtHouse, 500 N. King Street, Wilmington, DE. 19801_

Page 7

Docket or case number (if you know): *060300-2909 • C.A. No. 08M-03-018 R.R.C.*

Date of the court's decision: *March 10, 2008*

Result (attach a copy of the court's opinion or order, if available): *Denied, Claim Not Such as a writ May be issued (see A185 in attached appendix to Memorandum*

(3) Did you receive a hearing on your motion or petition?

　　　Yes ❑　No ☒

(4) Did you appeal from the denial of your motion or petition?

　　　Yes ❑　No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

　　　Yes ❑　No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: *N/A*

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: *The issue was duly raised in direct appeal to the Delaware Supreme Court and denied to raise the issue again would unnecessarily delay defendants review in this Court, and is not procedurally required under such circumstances*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: *Objections at trial Motion for Acquittal / Mistrial*

GROUND TWO: *Violation of Due Process*

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
*See Attached Memorandum, pages 8 through 19*

(b) If you did not exhaust your state remedies on Ground Two, explain why: _N/A (yes)_

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒    No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _N/A_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☒    No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus_

Name and location of the court where the motion or petition was filed: _Superior Court, NewCastle County Court House, 500 N. King St, Wilm, DE. 19801_

Docket or case number (if you know): _0603002909 - P.D.No. 08M-03-018 RRC_

Date of the court's decision: _March 10, 2008_

Result (attach a copy of the court's opinion or order, if available): _Denied, Claim not such as a writ may be issued. (See A185 - in attached Appendix to Memorandum_

(3) Did you receive a hearing on your motion or petition?

Yes ☐    No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐    No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Page 9

Docket or case number (if you know): *N/A*

Date of the court's decision: *N/A*

Result (attach a copy of the court's opinion or order, if available): *N/A*

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this
issue: *THE ISSUE WAS duly RAISEd ON diRECT APPEAL to the DElAWARE SUPREME*
*Court ANd dENIEd. To RAISE the ISSUE AGAIN would uNNECESSARILY delAy*
*dEFENdANt's REVIEW iN this Court. ANd is Not pROCEdUrAlly REGuiRED*
*uNdER SUCH CiRCUMSTANCES*

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative
remedies, etc.) that you have used to exhaust your state remedies on Ground Two: *ObjECTION*
*At teiAl ANd MOTioNs for AcquittAl /MistriAl*

GROUND THREE: *ViolAtioN of fourth AMENdMENT*

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):
*SEE AttAchEd MEMORANdUM, pAGES 20 throuGh 26*

(b) If you did not exhaust your state remedies on Ground Three, explain why: *N/A  (yEs)*

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒  No ☐

(2) If you did not raise this issue in your direct appeal, explain why: *N/A*

Page 10

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?        Yes ☒  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus_

Name and location of the court where the motion or petition was filed: _Superior Court,_
_New Castle County Courthouse, 500 N. King St. Wilm. De. 19801_

Docket or case number (if you know): _0603002909-C.A.No. 0811-03-018 R.R.C._

Date of the court's decision: _March 10, 2008_

Result (attach a copy of the court's opinion or order, if available): _Denied, Claims Not such_
_As a Writ May be issued (See A185 in attached Appendix to_
_Memorandum_

(3) Did you receive a hearing on your motion or petition?
    Yes ☐  No ☒

(4) Did you appeal from the denial of your motion or petition?
    Yes ☐  No ☒

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _The issue was duly raised on direct appeal to the Delaware_
_Supreme Court and denied. To raise the issue again would unnecessarily_
_delay defendant's review in this Court and is not procedurally_
_required under such circumstances_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _objections_
_at trial and Motion for Acquittal/mistrial_

Page 11

GROUND FOUR: _Violation of Due Process_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
_See attached Memorandum, pages 27 through 36_

(b) If you did not exhaust your state remedies on Ground Four, explain why: _yes, N/a_

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☒   No ☐

(2) If you did not raise this issue in your direct appeal, explain why: _N/a_

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   Yes ☒ No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _Habeas Corpus_

Name and location of the court where the motion or petition was filed: _Superior Court New Castle County CourtHouse, 500 N. King st. Wilm. DE. 19801_

Docket or case number (if you know): _060300 2909 · I.n. No.08M-03-018 RRC_

Date of the court's decision: _March 10, 2008_

Result (attach a copy of the court's opinion or order, if available): _Denied. (See /85 in attached pendix to Memorandum_

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☒

(4) Did you appeal from the denial of your motion or petition?

Yes ☐   No ☒

Page 12

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _N/A_

Docket or case number (if you know): _N/A_

Date of the court's decision: _N/A_

Result (attach a copy of the court's opinion or order, if available): _N/A_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _The issue was duly raised on direct appeal to the Delaware Supreme Court and denied. To raise the issue again would unnecessarily delay defendants review in this Court, and is not procedurally required under such circumstances_

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: _Objection at trial and Motion for Acquittal / Mistrial_

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    Yes ☒    No ❑

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: _N/A_

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _N/A_

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    Yes ❑    No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available. _N/A_

_____

_____

_____

_____

_____

15. Do you have any petition or appeal <u>now pending</u> (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?     Yes ☐     No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _N/A_ _____

_____

_____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Waived_ _____

(b) At arraignment and plea: _Public Defender, Bradley Manning, Carvel State office Building, 820 N. French street, Wilm. DE. 19801_

(c) At trial: _Pro se_ _____

(d) At sentencing: _Pro se_ _____

(e) On appeal: _Pro se_ _____

(f) In any post-conviction proceeding: _Pro se_ _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _N/a_ _____

_____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?          Yes ☐   No ☒

Page 14

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _N/A_

(b) Give the date the other sentence was imposed: _N/A_

(c) Give the length of the other sentence: _N/A_

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?     Yes ☐  No ☐

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.* _N/A_

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(continued...)

Therefore, petitioner asks that the Court grant the following relief: _VACATE CONVICTION AND_
_SENTENCE WITH NO FURTHER PROSECUTORIAL CONSIDERATION_

or any other relief to which petitioner may be entitled.

_[signature]_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct
and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on
_7/2/08_ _____ (month, date, year).

Executed (signed) on _7/1/08_ _____ (date).

_[signature]_
Signature of Petitioner

---

*(...continued)

(A) the date on which the judgment became final by the conclusion of direct review or the
expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in
violation of the Constitution or laws of the United States is removed, if the applicant was
prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the
Supreme Court, if the right has been newly recognized by the Supreme Court and made
retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral
review with respect to the pertinent judgment or claim is pending shall not be counted toward
any period of limitation under this subsection.

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is
not signing this petition. _____

_____

_____

IN FORMA PAUPERIS DECLARATION

_UNited State District Court of DElaware_

[Insert appropriate court]

\* \* \* \* \*

AO 240 (Rev. 10/03)
DELAWARE (Rev. 4/05)

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

Hillard M. Winn
_____
Plaintiff

V.

Warden Terry Phelps
_____
Defendant(s)

### APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT

CASE NUMBER:

I, Hillard M. Winn _____ declare that I am the (check appropriate box)

• • (Petitioner/Plaintiff/Movant)        • • Other

in the above-entitled proceeding; that in support of my request to proceed without prepayment of fees or costs under 28 USC §1915,  I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint/petition/motion.

In support of this application, I answer the following questions under penalty of perjury:

1.   Are you currently incarcerated?        ✔Yes      • •No      (If "No" go to Question 2)

    If "YES" state the place of your incarceration Delaware Correctional Center _____

    Inmate Identification Number (Required):  152383 _____

    Are you employed at the institution? NO  Do you receive any payment from the institution? NO

    _Attach a ledger sheet from the institution of your incarceration showing at least the past **six** months' transactions_

2.   Are you currently employed?     • • Yes      • No

    a.    If the answer is "YES" state the amount of your take-home salary or wages and pay period a and give the name and address of your  employer.

    b.    If the answer is "NO" state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your last employer.

3.   In the past 12 twelve months have you received any money from any of the following sources?

    | | | | |
    |---|---|---|---|
    | a. | Business, profession or other self-employment | • • Yes | • No |
    | b. | Rent payments, interest or dividends | • • Yes | • No |
    | c. | Pensions, annuities or life insurance payments | • • Yes | • No |
    | d. | Disability or workers compensation payments | • • Yes | • No |
    | e. | Gifts or inheritances | • • Yes | • No |
    | f. | Any other sources | • • Yes | • No |

    If the answer to any of the above is "YES" describe each source of money and state the amount received _AND_ what you expect you will continue to receive.

AO 240 Reverse (Rev. 10/03)
DELAWARE.(Rev. 4/05)

4.   Do you have any cash or checking or savings accounts?          · · Yes   ⟨ · · No ⟩

     If "Yes" state the total amount  $____N/A_____

5.   Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles or other
     valuable property? *1996 Saturn SL2 / 2000 Geo*

               · · No

     If "Yes" describe the property and state its value.

          *1. 1996 Saturn SL2   Value Unknown*
          *2000 Geo Samba   Unknown Value*

6.   List the persons who are dependent on you for support, state your relationship to each person and
     indicate how much you contribute to their support, *OR* state *NONE* if applicable.

                         *NONE*

     I declare under penalty of perjury that the above information is true and correct.

     __7/1/08__                    _____
        DATE                       SIGNATURE OF APPLICANT

**NOTE TO PRISONER:  A Prisoner seeking to proceed without prepayment of fees shall submit an affidavit
stating all assets.  In addition, a prisoner must attach a statement certified by the appropriate institutional
officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts.
If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified
statement of each account.**

United States District Court
District of Delaware

Hillard M. Winn                              I
Defendant, Petitioner below    I   Doc. No. 22, 2007
                                             I   Case No. 0603002909

V.                                           I
Warden Terry Phelps                 I
Respondant                             I


### Memorandum in Support of Habeas Corpus Petition


7 / 2 / 08

Mr. Hillard M. Winn
Delaware Correctional Center
1181 Paddock Road
Smyrna, Delaware 19977

_Titles :_                    _Table of Content_                    _Pages :_

Aprile v. State, 143 A.2d 739 (1958) . . . . . . . . .16 .

Baker v. State, Del. Supr., 906 A.2d 139 (2006) . . .. . .33 .

Blockburger v. U.S., 284 U.S. 304, 52 S.ct. 182. . . . . . .11 .

Brokenbrough V. state, Del. Supr., 522 A.2d 851 (1987) . . . . .27 .

Brown v. Ohio., 432 U.S. 161, 166, 97 S.ct. 2221, 2226 (1977) . . . 11 .

Coffield v. State, 794 A.2d 588 (2002) . . . . . . . .15 .

Deedon v. State, 6 Storey 49, 189 A.2d 660 (1963) .. . . .. .16 .

Franks v. Delaware, 438 U.S. 154, 98 S.ct. 2674 . . . . . .20, 25.

Geders v. U.S., 425 U.S. 86, 96 S.ct. 1334. . , . . .. .33 .

General Elec. Co. v. Klein, 106 A.2d 206 (1954) . . . . . .26 .

Giordenello v. U.S., 78 S.ct. 1245, 357 U.S. 480 (1958) . . . .21 .

Hooks v. State, Del. Supr., 416 A.2d 189 (1980) . . .. .27, 32, 33 .

Hughes v. State, Del. Supr., 437 A.2d 571 . . . . . . .28 .

Johnson v. State, 711 A.2d 18 (1998). . . . . . . .6 , 15.

Keller v. State, 425 A.2d 152 (1981) . . . . . . .. .15 .

Lilly v. State, Del. Supr., 649 A.2d 1055 (1994) . . . . .11 , 13 .

Quercia v. U.S., 289 U.S. 466, 153 S.ct. 698, 699 (1933) . . .. .32 .

State v. Gibbs, 134 N.J.L. 366, 48 A.2d 300 (1946). . . .. . .16 .

State v. Hamilton, 318 A.2d 624 (1974) . . . . . . .2 , 5.

State v. Lassotovitch, 162 Md. 147, 159 A.362, 81 A.L.R. 69 (1932) . .16 .

State v. Lopez, 359 N.J. Super., 222, 819 A.2d 486 (2003) . . .33, 35.

State v. Minnick, 168 A.2d 93. . . . . . . . .2 , 4 , 16.

Plant v. State, 660 A.2d 395 (1995) . . . . . . . 4 , 5.

State v. Willis, 673 A.2d 1233 (1995) . . . . . .. .11 , 13 , 17.

<u>Titles:</u>         <u>Table of Content Continued</u>         <u>Pages:</u>

U.S. v. Murphy, 406 F.3d 857 (2005) . . . . . . 11 , 12 , 14 .

U.S. v. Nappi, 243 F.3d 758, 762 (3rd Cir. 2000) . . . . . .19 .

U.S. v. Olano, 507 U.S. 725, 734, 113 S.ct. 1770 (1993). . . . .19 .

U.S. v. Randall, 171 F.3d 195 (1999) . . . . . . 3 , 4 , 15 .

U.S. v. Reyes, 102 F.3d 1361, 1364 (5th Cir. 1996) . . . . . 4 .

U.S. v. Stevens, 223 F.3d 239, 242 (3rd Cir. 2000) . . . . . ,19 .

U.S. v. Syme, 276 F.3d 131 (2002) . . . . . . . 5 .

U.S. v. Upshaw, 448 F.2d 1218 (1971) . . . . . . .30 .

U.S. v. Willoughby, 27 F.3d 263, 266 (7th Cir. 1994) . . . . . 4 .

U.S. v. Workcuff, 137 U.S. App. D.C. 263, 422 F.2d 700 (1970). . .30 .

U.S. v. Young, 470 U.S. 1, 105 S.ct. 1038, (1985) . . . . . .33 .

Ward v. State, Del. Supr., 575 A.2d 1156, 1158-59 (1990). . . ,17 .

<u>Statutes / Rules / Constution</u>

11 Del. C. §§ 206. . . . . . . . . . . 2 , 6 , 15 .

11 Del. C. §§ 206 (b) . . . . . . . . . 11 , 12 , 17 .

11 Del. C. §§ 206 (b)(1) . . . . . . . . .12 , 16 , 17 .

11 Del. C. §§ 206 (b)(2) . . . . . . . . 12 , 13 .

11 Del. C. §§ 206 (b) (3) . . . . . . . . .12 , 13 , 17 .

11 Del. C. §§ 206 (c) . . . . . . . . . 2 , 3 , 13 .

11 Del. C. §§ 611 (1) . . . . . . . . . 10 , 12 , 13 , 14 , 15 .

11 Del. C. §§ 611 (2) . . . . . . . . . ■ , 12 , ■ .

11 Del. C. §§ 612 (1) . . . . . . . . . , 11 , 12 .

11 Del. C. §§ 612 (2) . . . . . . . . . 11 , 12 , 13 .

<u>Titles:</u>          <u>Table of Content Continued</u>          <u>Pages:</u>

Official Code Commentary §§ 206 . . . . . . . . 12, 16

Official Code Commentary §§ 829 . . . . . . . 34, 35.

11 Del. C. §§ 251 (A). . . . . . . . . . . . . .18.

11 Del. C. §§ 829 (4). . . . . . . . . . . . 34, 35.

11 Del. C. §§ 1211 . . . . . . . . . . . . . .27.

Superior Court Rule 7 (E) . . . . . . . . . .3 , 6 , 15.

Superior Court Rule 12 (b)(2) . . . . . . . . .18.

U.S.C.A. Const. Amend. 5 . . . . . . . . . 14, 15.

U.S.C.A. Const. Amend. 14 . . . . . . . . 6 , 16 , 26.

Delaware State Const. Art. 1, §§ 7. . . . . . . 6 , 26.

Delaware State Const. Art 1, §§ 8. . . . . . . . 6 , 26.

## <u>Grounds For Relief</u>

Ground one . Lesser included offense instruction
was error as a matter of law. Denied
adequate Notice of Nature and Cause,
broadened indictment, prejudiced
substantial rights, Violated Due Process,
Deprived a fair and impartial trial
and produced an Manifest injustice , . . . .1 - 7 .

<u>Titles:</u>                <u>Table of Content Continued</u>                <u>Pages:</u>

Ground Two.  Lesser included offense instruction
was error as a Matter of law, Denied
Adequate Notice of Nature and Cause,
broadened indictment, prejudiced
Substantial Rights, Violated Due Process,
Deprived a fair and impartial trial
And produced an Manifest injustice . . . 8-19.


Ground Three.  Conviction is in derogation
of the fourth and fourteenth
Amendments to the united states
Constitution. . . . . . . . 20-26.


Ground Four.  Defendant's Rights under
Due Process of law and
to a fair trial were Violated
by judicial and Prosecutorial
Misconduct. . . . . . . . 27-37.


Introductory Statement . . . . . . . . V.

## Introductory Statement

The Petitioner Comes before this Court Asking that the grounds Raised be Considered under the well-settled law that Pro se Submissions are entitled to liberal Rules construction. And, That the Petitioner asserts each ground for relief in conjunction with Actual innocense provisions.

The Petitioner asserts Actual innocense on the premise that, 1) a Complaint of Assault second degree was not appropriately made Against him. Nor was a Complaint of burglary made against him. 2) That a Jury found him not guilty of Assault second degree. 3) That the state never sought to prove a burglary offense against him in view of entering or remaining unlawfully element of burglary. Under these overviews the Petitioner Submits the following grounds for relief....

Ground One. Lesser included Offense instruction
                Was error as a matter of law. Denied
                Adequate Notice of Nature And Cause,
                broadened indictment, prejudiced
                Substantial Rights, Violated Due Process,
                Deprived a fair and impartial trial
                And produced an Manifest injustice


The Court declaired in its Ruling the following, " Here, I do
think there is a Rational basis in the evidence for the jury,
potentially, to find that injuries -- ordinary physical injury was
inflicted by the defendant, Not Necessarily by use of the
Crowbar or tire iron. So, for that reason, I will grant the states
Request. The jury instructions will reflect that I will give the
lesser-included Offense of Assault third degree. It follows
from that, as the state said, that, in the burglary first degree
Charge, the indictment -- the instruction will be Changed to add
in Assault with the intent to Commit the offense of Assault second
degree or assault third degree. The verdict page will be amended
to reflect the possibility of the lesser included offense of
assault third degree." (A38, pg2, Lns 23-pg3, Lns 12)
The Court's decision here, is in error of law because (1) the
Court " reflects" its Ruling into Count one of the indictment on
the theory that it is legally required by the charge of assault
second degree's association to Count one as that Counts predicate
offense. However, Minnick held, " Each Count in an indictment
Must Normally be Considered as an individual Unit, as

(1)

though it were a separate indictment standing by itself."
<u>State v. Minnick, 168 A.2d 93; State v. Green, Del. Super., 376 A.2d 424 (1977)</u>

(2) As a individual indictment, each Count is required to meet the prerequisite standards of <u>11 Del. C. §§ 206</u> for a lesser included offense instruction. And Count one, charging Burglary in the first degree can not. <u>11 Del. C. §§ 206 (c)</u> provides:

"The Court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the 'Offense Charged' and convicting the defendant of the included offense."

Although the Court Claims to have applied a lesser included offense instruction on Count one of the indictment the Record demonstrates that the Court never charged the jury in respect to a lesser included offense of Burglary first degree. In Fact, the record establish that the Court never applied <u>Section 206 (c)</u> to the offense charged in the Count, but rather applied <u>Section 206 (c)</u> to a material element 'of' the charged offense. The intent element.

This Court has decided that the intent element of a burglary offense is not a lesser included offense of burglary. <u>State V. Hamilton, 318 A.2d 624 (1974)</u>

Therefore, since the Court applied ~~section 206 (c)~~ to the intent element 'of' the burglary offense, the intent element not being the offense charged in the Count, there can be no rational basis

( 2 )

in the evidence for the Courts instruction. Therefore the Courts instruction must be found to be error.

(3) Since, as demonstrated above, the Court's instruction on Count One of the indictment is not a lesser included offense instruction as that instruction is defined under H Del. C. §s 206 (c) But yet, "Adds" the offense of Assault Third degree to the intent element of the burglary offense that act must be Adjudged an Amendment to the indictment.

This Conclusion was evidenced when the Court Advised: " The verdict page will be amended to reflect the possibility of the lesser included offense of Assault Third degree. (A38, pg 3, Lines 11-12)

As an Amendment of the indictment the instruction exceeds the permissive provisions of Superior Court Rules of Criminal procedure, Rule 7(e) which Authorizes the Court to Amend an indictment At Any time before the verdict," if no Additional or different offense is Charged And if substantial Rights of the defendant Are not prejudiced."

The facts establish that the Court did Add the "Additional" offense of Assault third degree to the Burglary Count And that Assault third degree Misdemeanor is different in quality from Assault second degree felony.

The Addition of Assault third degree, without a doubt, broadened the states bases for Conviction from Assault second degree exclussively to Assault third degree, inclussively.

The United States Court of Appeals, Fourth Circuit, held: " When the government, through its presentation of evidence and/or

its ARgument, OR the district court, through its instruction to the jury, OR both, broadens the bases for conviction beyond those charged in the indictment, a 'constructive Amendment' occurs, constituting a 'fatal variance' and violating the fifth Amendment right to be indicted by a grand jury." And that, " A constructive Amendment of indictment is error per se, and must be corrected on appeal even when the defendant did not preserve the issue by objection". <u>United States V. Randall, 171 F.3d 195 (1999)</u>

(4) Petitioner Argues that, A Burglary offense is a particular offense that requires that the particular felony intended be stated in the indictment in a definite and certain manner. A felony, the nature of which must have been known to the grand jury. <u>State V. Minnick, 168 A.2d 93 (1960)</u> And must be proven by the <u>state. Plant V. State, 660 A.2d 395 (1995)</u>

The United States Court of Appeals, ~~Fourth~~ Circuit, held : " if the government specifies in the indictment the §§ 924 (c) predicate offense on which it is Relying, ' A Conviction that Rest, no matter how comfortably, on proof of Another predicate offense cannot stand." <u>U.S. V. Randall, supra., Qouting; U.S. V. Willoughby, 27 F.3d 263, 266 (7th Cir. 1994); U.S. V. Reyes, 102 F.3d 1361, 1364 (5th Cir. 1996)</u>

(5) The Court's instruction is also ERROR as a matter of law because the Court instructed the jury to convict the defendant on a legally erroneous bases for conviction on a burglary offense. A burglary offense is required to lay a felonous intent. <u>State V. Minnick, Supra; Plant</u>

(27)

v. State, 660 A.2d 395 (1995) Also see Code Commentary
§§ 824

However, the Court instructed the jury that if they found
that the defendant intended to Commit the Crime of assault
third degree, A Misdemeanor, that they could find the
defendant guilty of burglary in the first degree. Not only
is a Misdemeanor offense insufficient as a Matter of law
to sustain a Conviction for a burglary offense it is also
insufficient to raise a burglary offense to a first degree
offense. The Superior Court in Hamilton, held:
" Although an assault is an element of burglary in the
Second degree, that element is Merely pertinent to
establishing the degree of burglary." State v. Hamilton,
318 A.2d 624 (1974)

The United States Court of Appeals, third Circuit, held:
" If one of two or More alternative theories supporting
a Count of Conviction is either (1) unconstitutional, or
(2) legally invalid, Reviewing Court should vacate jury Verdict
and Remand for a New trial without the invalid, or
unconstitutional theory." U.S. v. Syme, 276 F.3d 131 (2002)

    The Courts errors were prejudicial to the defendant
for the following Reasons:

(1) The jury found the defendant Not guilty of Count two of
    the indictment which before the Court's erroneous instructions,
    was the lone intent element Charged in the burglary
    offense. If not for the Courts erroneous instructions it
    Stands to Reason that the jury would have also found

the defendant Not guilty of the burglary offense and thus not guilty of Count Three of the indictment wherein the burglary offense served as the predicate offense for that Count.

(2) The Court's instruction denied the defendant the protection of being proceeded against in a felony prosecution only upon indictment by the grand jury, that is guaranteed by the Delaware Constitution. And is a substantial right. Johnson V. State, 711 A.2d 18 (1998)

(3) The instruction occurred after the close of the evidence phase and denied the defendant Adequate Notice and opportunity to prepare a defense. Which is a substantial right by which the states are bound by the United States Constitution's fourteenth Amendment.

The error's Complained of here are Clear errors. That is, the laws governing them has well established provisions, Superior Court Criminal Rules of procedure, Rule 7(E) 11 Del. C. §§ 206, U.S.C.A. Const. Amend. 14; Delaware Const. Art. 1, §§ §§ 7, 8, And the supporting Case law as set forth herein,

Conclusion

Having demonstrated that error occurred, that the errors Amounted to Constructive Amendments, that errors Are Clear and prejudiced defendants substantial rights,

That but for the errors the defendant would have been found innocence on counts one, two and three of the indictment, this Court must vacate said convictions with no further prosecutorial consideration.

Petitioner so moves.

Ground Two. Lesser included offense instruction
was error as a matter of law, Denied
Adequate Notice of Nature and Cause,
broadened indictment, prejudiced
Substantial Rights, violated Due Process,
Deprived a fair and impartial trial
And produced an Manifest injustice

Argument

Count II of the grand jury's indictment states in pertinent
part:
" Hillard M. Winn ···· did intentionally or recklessly Cause
physical injury to Ruth Ann Boccelli, by Means of a Crowbar,
a deadly weapon or a dangerous instrument···" (A23-A24)
During trial the defense entered into evidence a tape recorded
statement by Ms. Boccelli, given to lead investigating officer,
Deborah Provenza. Wherein ofc. Provenza is recorded asking
Ms. Boccelli, " did he hit you with the Crowbar" And Ms. Boccelli,
is recorded answering, " No. he threw it at me but it missed".
(A31, pg 110, Lns 3 - pg 112, Lns 3)
Evidence derived from the testimony of ofc. Provenza, also
established that Ms. Boccelli, had not told ofc. Provenza that
She was injured by the Crowbar. (A28, pg 36, Lns 17 - A29, pg 39,
Lns 19)
After the Close of all evidence the State moved the Court for
a lesser included offense instruction on Assault third degree,

ON the premise that the jury may conclude that physical injury was caused to Ruth Ann Boccelli, but not by means of a deadly weapon or dangerous instrument. But by hands and feet. (A33, pg.168, Lns 18 - A36, pg. 177, Lns 6)

The defendant objected to the instruction on the premise that there was not a rational bases in the evidence for the instruction, the right to be proceeded against only by indictment issued by grand jury, lack of notice and opportunity to prepare a defense to these new allegations (A34, pg.172, Lns. 15 - A36, pg. 177, Lns 1.) Eventually the court ruled that, " Here, I do think there is a rational basis in the evidence for the jury, potentially, to find that injuries--- Ordinary physical injury was inflicted by the defendant, not necessarily by use of the crowbar or tire iron. So, for that reason, I will grant the state's request. The jury instructions will reflect that I will give the lesser included offense of assault third degree." (A38, pg.2, Lns.23 - pg.3, Lns6)

The court did not issue a revised, proposed jury instruction, containing the court's lesser included offense ▇ instruction, until after closing summations and jury instructions were complete and the jury was in deliberations. (A50, pg.81, Lns.2 - pg.82, Lns.7)

In the state's closing summation, the state instructed the jury as to the following:
" You're also going to be able to consider the fact of a lesser- included offense charge of assault in the third degree. That means you could convict him of an assault in the third degree which would allege that he ▇▇▇ caused her physical injury, period,

(9)

he Recklessly or intentionally Caused physical injury to her.
Taking the Crowbar out of the equation, we also heard that
he punched her, he kicked her, he threw her against a wall.
And you will see photographs and half photographs and
documented by the Sane Nurse of almost seven separate injuries
to Ruth Boccelli's body. (A41, pg.39, Lns. 4-14)
Considering the state's premise for the lesser included offense
instruction and the Court's decision granting that instruction the
defendant did not object to the states statements.
However, the Court instructed the jury as to the following:
" If you find the defendant not guilty on the charge of assault
second degree, or if, after reasonable effort, you are at an impasse
and are unable to reach a unaninous verdict on the charge of
assault second degree, then you may go on to consider the lesser-
included offense of assault third degree. Delaware law defines
the offense of assault third degree in pertinent part as follows:
A person is guilty of assault in the third degree when the person
intentionally or recklessly causes physical injury to another person.
In order to find the defendant guilty of assault third degree,
you must find that all the following elements have been established
beyond a reasonable doubt: One, the defendant caused physical
injury to Ruth Ann Boccelli; and two, defendant acted intentionally
or recklessly." (A46, pg.67, Lns 20-pg.68, Lns.13)
The Court did not correct the state's statements to the jury.
The Court's decision to instruct the jury on the alleged lesser included
offense is error as a matter of law for the following reasons:
(1) The Court's lesser included offense instruction was in the
     language identical to that of 11 Del. C. §§ 611 (1) which is

Not a lesser included offense of _11 Del.C. §§ 612 (2)_

The United States Court of Appeals, Seventh Circuit, held:

"A lesser offense is necessarily included in the charged offense if its elements are a subset of the elements of the charged offense: An offense cannot be lesser included if it contains an element not required by the greater one." _U.S. V. Murphy, 406 F. 3d 857 (2005)_

To determine if a offense is included in the offense charged Delaware employs the statutory prong test set forth in _11 Del. C. §§ 206 (b)_. The Delaware Supreme Court held that each of the three parts of _subsection 206 (b)_ must be considered when determining under Delaware law whether one offense is included in another. _State V. Willis, 673 A.2d 1233 (1995); Lilly V. State, Del. Supp., 649 A.2d 1055 (1994)_

The first prong of the statutory test is the equivalent of the Federal _Blockburger_ test. The _Blockburger_ emphasizes the elements of the two crimes. _Brown V. Ohio, 432 U.S. 161, 166, 97 S. Ct. 2221, 2226, 53 L.Ed. 2d 187 (1977)_

The _Blockburger_ test provides the test to be applied to determine weather there are two offenses or only one, is whether each provision requires proof of an additional fact (element) which the other does not. _Blockburger V. United States, 284 U.S. 304, 52 S. Ct. 182_

The defendant was arrested in violation of _11 Del. C. §§ 612 (2)_ _[A15]_

Count II of the grand jury's indictment charged the defendant in the language particular to _11 Del§ 612 (2)_ alleging physical injury by means of a deadly weapon or dangerous instrument (A23 - A34)

_Section 612 (1)_ and _section 612 (2)_ both require proof of elements

which the other does Not. Section 612(1) requires proof of serious physical injury while Section 612(2) does Not. And, Section 612(2) requires proof of injury caused by a weapon, while Section 612(1) does Not.

Section 611(1) is a lesser included offense of Section 612(1) in that, Section 611(1) requires proof of a lesser degree than serious physical injury. Otherwise its elements are a subset of Section 612(1). Sections 611(2) is a lesser included offense of Section 612(2) in that, its elements are a subset of Section 612(2) and differs only in that, Section 611(2) requires proof of a less culpable state of mind. Therefore, Section 611(1) is a materally different offense than Section 612(2) and Not a lesser included offense pursuant to the first prong statutory test of Subsection 206(b)(1) and U.S. v. Murphy, supra.

Nor is Section 611(1) a lesser included offense of Section 612(2) pursuant to the second statutory prong test of Subsection 206(b) whereas Section 611(1) does not consist of an attempt to commit the offense charged or an attempt to commit an offense otherwise included in the charged offense. Therefore, Section 611(1) is not a lesser included offense of Section 612(2) under the second statutory prong test of Subsection 206(b)(2).

Subsection 206(b)(3) is the broadest of the statutory three prong test and allows for "some" dissimilarity in the statutory elements; however, the two offenses must 'involve the same result' and differ 'only in the respect that a less serious injury.... or a lesser kind of culpability suffices to establish its commission." Del. C. §§ 206(b)(3); Code Commentary on subsection 206(b)(3) at 16;

State v. Willis, 673 A.2d 1233 (1995); Lilly v. State, Del. Supr., 649 A.2d 1055 (1994)

Section 611 (1) is not a lesser included offense of Section 612 (2) under the third prong test either. Section 612 (2) requires proof of physical injury with no requirement that the injury be serious. The same as Section 611 (1)

Section 612 (2) requires proof of intentionally or recklessly causing physical injury. The same as Section 611 (1) Therefore, because Section 611 (1) neither charges a lesser degree of injury or a lesser culpable state of mind, Section 611 (1) cannot be a lesser included offense of Section 612 (2)

(2) Under the appropriate factual circumstances, Delaware's expanded definition of included offenses in Section 206 (b) (2) and (3) obligates the trial Court to instruct the jury on an offense that has rational evidentiary support in the record, notwithstanding a 'dissimilarity in the elements necessary to prove [that] offense" and the charged offense. Code Commentary at 16." Lilly v. State, 649 A.2d 1055 (1994)

Subsection 206 (c) provides:

" The Court is not obligated to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."

Although there was a rational basis in the evidence to acquit the defendant of the offense charged, there could never have been a rational basis in the evidence to convict the defendant of assault third degree, based on the evidence relied upon by the Court to support the instruction, for the following reasons:

The United States Court of Appeals, Seventh Circuit, held:

" The Fifth Amendment requires indictments by a grand jury to guarantee that the allegations in the indictment and the proof at trial match, in order to insure that the defendant is not subject to a second prosecution, and to give the defendant reasonable notice so that he may prepare a defense." U.S.C.A. Const. Amend. 5. U.S. v. Murphy, supra.

The grand jury's indictment charged physical injury by means of a deadly weapon or dangerous instrument. A Crowbar /Tire Iron. The court found a rational basis in the evidence for the jury to possibly conclude that ordinary physical injury was caused to Ruth Boccelli, but not necessarily by use of a crowbar or tire iron. (A38, pg. 3, Lns. 2-3) Thus, requiring proof based on evidence that does not match the material elements of the indictment. Therefore, there can be no rational basis in the evidence for such an instruction

(3) The Court's instruction on section 611 (1) Assault third degree is error as a matter of law because it impermissibly broadens the basis for conviction beyond that charged by the grand jury, causing a constructive amendment to the indictment.

The only difference in the grand jury's indictment and 「the Court's」 lesser included offense instruction on assault third degree is that, the Court's instruction does not require proof of injury by means of a deadly weapon or dangerous instrument. No means of injury causation is required at all.

The Supreme Court of Delaware has determined that the

Weapon used in an assault is a Material element of the offense <u>Coffield V. State, 794 A.2d 588 (2002)</u> which once stated in the indictment Must be proven and Can not be Changed <u>Keller V. State, 425 A.2d 152 (1981)</u>

Superior Court Criminal <u>Rule 7 (E)</u> prohibits Courts from Changing Matters of substance. Therefore, to read into <u>11 Del.C. § 206</u> the authority to Completely Remove a Material element from a indictment would be granting the state the power to seize indictment powers that the Delaware Constitution vest solely in a grand jury.

Therefore, the Removal of a Material element of the indictment and No longer Requiring that element to be proven impermissibly broaden the base of Conviction and once changed indictment was No longer the indictment issued by the grand jury <u>Johnson V. State, 711 A.2d 18 (1998)</u> And whenever "the government (the state), through its presentation of evidence and/or its argument, or the district Court, through its instruction to the jury, or both, broadens the bases for Conviction beyond those Charged in the indictment, a "Constructive Amendment" occurs, Constituting a fatal variance and violating the fifth Amendment right to be indicted by a grand jury." <u>U.S.C.A. Const. Amend. 5.; U.S. V. Randall, 171 F.3d 195 (1999)</u> "A Constructive Amendment of indictment is error per se, and Must be Corrected on Appeal even when the defendant did not preserve the issue by objection. <u>U.S. V. Randall, supra.</u>

(4) The Courts instruction to the jury on <u>section 611 (1)</u> Assault third degree did not provide the defendant Adequate Notice to prepare a defense to the overbroad Accusation of

Physical injury by unnamed means. The Court's instruction came
at the close of the evidence phase, which deprived the defendant
"any" opportunity at all to present a defense to the new allegations.
which is a substantial right by which states are bound by
the United States Constitution's Fourteenth Amendment, U.S.C.A.
Const. Amend. 14,' Apeile V. State, 143 A.2d 739 (1958)

(5) The Court's instruction on Assault third degree, is also error
    because it exposes the defendant to possible double jeopardy.
    The Court's instruction on Assault third degree failed to
    state all the elements necessary to allege a Criminal offense
    under Delaware law. The Court's instruction on Assault
    third degree was merely in the words of the Code provision
    and nothing more. (R46, pp.68, Lns. 3 -13)

It is well settled law that an indictment which charges the accused
with the act prohibited by the statutory language, and does
nothing more would be fatally defective in failing to allege such
other facts as would enable the accused to prepare his defense.
State V. Lassotovitch, 162 Md. 147, 159 A. 362, 81 A.L.R. 69 (1932)
Accord: State V. Gibbs, 134 N.J.L. 366, 48 A.2d 300 (1946); State
V. Minnick, 3 storey 261, 168 A.2d 93 (1960) and, Deedon V.
State, 6 Storey 49, 189 A.2d 660 (1963)

The first prong of the statutory test of 206(b)(1) is the equivent
of the federal Blockburger test. The official Commentary to the
Delaware Criminal Code §s 206 states, Subsection [b][1] provides
the 'standard' statutory element definition of included
offenses. Delaware Criminal Code with Comentary at 15 (1973)"
The Delaware Supreme Court recognized the propriety of
using the 'statutory elements' test to determine lesser included

offenses <u>WARD V. State, Del. Supr., 575 A.2d 1156, 1158-59</u> (1990) The Supreme Court of Delaware later determined that the Supreme Court's holdings in WARD. Supra., can most accurately be characterized as deciding that one proper focus under <u>11 Del. C. §§ 206 (b)</u> is on the statutory elements of offenses, i.e., <u>Section 206 (b)(1)</u>

However, the Delaware Supreme Court rejected the narrower approach limited to the application of <u>11 Del. C. § 206 (b)(1)</u>, Noting that 'unlike its federal corollary, the Delaware statute proscribing included offenses is not limited exclusively to the standard statutory elements approach' The Court stated:

" in Fact, the official commentary to the Delaware Criminal Code states that subsection 3 <u>[of 11 Del. C. §§ 206 (b)]</u> of the Delaware definition of included offenses expressly contemplates that ( there may be some dissimilarity in the elements necessary to prove the <u>[included]</u> offense." <u>WARD V. State, Supra.; State V. Willis, 673 A.2d 1233 (1995)</u>

Nevertheless, the two offenses must 'involve the same result' and differ ( only in respect that a less serious injury... or a lesser kind of Culpability suffices to establish its commission. <u>11 Del. C. § 206 (b)(3)</u>.

Therefore, the Court was obligated to include all the elements of the charged offense into its lesser included offense instructions on assault third degree, less the dissimilarity in the elements limited to a lesser degree of injury and, or culpable state of mind. And require the jury to return a verdict based on those elements as well. The Court's failure to instruct the jury on

All the elements of the charged offense in the Assault third degree instruction. Left out, any Characterization of a Criminal Act particular to the defendant and the offense Charged. Which is in Violation of Superior Court Criminal Rule 12 (b) (2)

(6) The Court's instruction on Assault third degree Exposes the defendant to double Jeopardy. The fact that the Courts instruction to the jury fails to state any act of Criminality particular to the defendant and the fact that the State present three (3) different Acts Of Causation of injury and Seven different injuries to the jury ▬ (A41, pg. 39, Lns. 6-12) And the jury returned a general Verdict (A52, pg. 90, Lns. 8-12) The is no way to determine which of the Allegations Made by the State that, the jury Relied on to Support their Verdict, therefore it is impossible for the defendant to plead prior Adjudication.

(7) The Court's instruction on Assault third degree is error as a Matter of law because it failed to Allege an Act of Criminal behavior particular to the defendant upon which proof of State of Mind Can be attached. 11 Del. C. §§ 251 (A) provides:
" No person May be found guilty of a Criminal offense without proof that the person had the state of mind required by the law defining the offense or by subsection (b) of this Section."

The errors Conplained of here are Clear. In that the issues Raised are Covered by well settled laws of this State and the State and Federal Constitutions and Rules of the Superior

Court As presented herein.

The errors complained of herein effects substantial rights, in that had they not occurred defendant would have been found not guilty on the first three (3) counts of the indictment. The jury found the defendant not guilty of Count II of the indictment. Therefore the defendants conviction on the assault third degree offense necessarily depended on the Courts instruction to and how to consider the defendants guilt as to that offense.

The United States Court of Appeals, Third Circuit held:

" Under plain error review, a defendant must also show that the clear error affected the defendants substantial rights. United States v. Nappi, 243 F.3d 758, 762 (3d Cir. 2000) (quoting U.S. v. Olano, 507 U.S. 725, 734, 113° S.Ct. 1770, 123 L.Ed. 2d 508 (1993). In most cases the language about affecting substantial rights means that the error must have been prejudicial, that is, it must have affected the outcome of the district Court proceedings. U.S. v. Stevens, 223 F.3d 239, 242 (3d Cir. 2000) (quoting Olano, 507 U.S. at 734, 113 S.Ct. 1770). "

Having demonstrated that error occurred, errors were clear and that errors effected substantial rights of the defendant reversal is required of the conviction in Counts I, II and III of the grand jury's indictment with no further prosecutorial consideration.

The Petitioner so moves.

GROUND THREE. Conviction is in derogation
of the Fourth and Fourteenth
Amendments to the United
States Constitution

THE Legal Proposition

The United States Supreme Court, Mr. Justice Blackmun,
held that:

"Where defendant makes substantial preliminary showing
that false statement knowingly and intentionally, or with
the reckless disregard for the truth, was included by
affiant in search warrant affidavit, and if allegedly false
statement is necessary to finding of Probable Cause, Fourth
Amendment requires that hearing be held at defendant's request.
If, after evidentiary hearing, defendant establishes by a
preponderance of evidence that a false statement knowingly
and intentionally, or with reckless disregard for the truth,
was included by affiant in search warrant affidavit, and,
with affidavit's false material set to one side, the affidavit's
remaining content is insufficient to establish Probable Cause,
search warrant must be voided and fruits of search
excluded to the same extent as if Probable Cause was lacking
on the face of the affidavit."

FRANKS v. DELAWARE, 438 U.S. 154, 98 S. Ct. 2674.

The Supreme Court of the United States, Mr. Justice Harlan,

(20)

held that, "The Constitutional Requirement that NO Warrant shall issue, but upon probable Cause, Supported by oath or Affirmation and particularly describing the person or things to be seized, Applies to Arrest as well as Search warrants". Giordenello v. U.S., 78 S.Ct. 1245, 357 U.S. 480 (1958)


Argument


On March 5, 2006 Officer Deborah Provenza (2479) of the New Castle County Police Department submitted intentionally a knowingly false, Sworn Arrest warrant affidavit to Justice of the Peace Court Judge Thomas M. Kenney, Upon oath and affirmation seeking to have the defendant Charged with the offenses Charged in this matter. (See A9 - A13)

The Affiant's false statements included in the warrant affidavit Are as follows:

(1) Ruth Boccelli Advised that Mr. Winn "Forced his way in" her Residence.

(2) that Mr. Winn, "threw it (a Crowbar) at her Causing a Contusion And Swelling to the left temple Area."

(3) that, "Ms. Gordon Stated that She Responds upstairs to the apartment And observes Hillard Winn assaulting Ruth Boccelli And She and DaeKown Rollins Attempt to stop him. Ms. Gordon Stated that DaeKown Rollins Responds into the apartment and pulls (T.C.) Hillard Winn off of the lady and they walk out back."

(4) that, "DaeKown Rollins provides a Similar incident to

that of Ms. Gordon." (SEE A12-A13)

According to a Police Report Filed by Ofc. Provenza on March 6, 2006 And, ofc. Provenza's Trial testimony, All of the Above Claimed Allegations to ofc. Provenza were Recorded on tape during Separate individual interviews. (SEE A14-A22) (A26, pg. 11, Lns. 2-5)

However, Ms. Ruth Boccelli's Recorded Statement, when played at Trial Clearly established that Ms. Boccelli had NOT told Ofc. Provenza that Mr. Winn "Forced his way in" her Residence. But that Ms. Boccelli had told ofc. Provenza that her Friend "Smoke" (Rasheed Harris) had Let Mr. Winn in her Apartment. (SEE defense Ex. No 5)

The State Also Alleged at Trial that "Smoke" had Allowed Mr. Winn to enter the Apartment. Never Alleging forceful entry at Any time throughout the trial (SEE A43, pg. 42, Lns. 4-13)

The False Claim that Ms. Boccelli Advised Ofc. Provenza that Mr. Winn "Forced his way in" was at least Recklessly Made due to the fact that the Actual Statement Could have been verified from the Recording.

This False Statement was Material to a Probable Cause Finding of Unlawful entry. Unlawful entry was Material to the NECESSARY ESSENTIAL ELEMENT of Unlawful entry in a Burglary offense. Without this False Statement of Forceful entry, the warrant Affidavits remaining Content is insufficient to Establish Probable Cause finding of Unlawful entry or the NECESSARY ELEMENTS to Charge the defendant with Burglary.

(22)

Ms. Boccelli's Recorded statement Also established that Ms. Boccelli had <u>not</u> told Ofc. Provenza that Mr. Winn had threw a Crowbar at her Causing a Contusion and Swelling to her Left temple Area. In Fact, the recording established that Ofc. Provenza had asked Ms. Boccelli did Mr. Winn hit her with the Crowbar. Ms Boccelli Answered "No! he threw it at me but it missed". (See A28, pg. 36, Lns. 17 – A31, pg. 112, Lns. 3)

In Addition, Ofc. Provenza testified at trial that Ms. Boccelli did not actually tell her that Mr. Winn Caused injury to her with a Crowbar. Ofc. Provenza testified that the allegation was "put in there" (the arrest warrant affidavit) due to Conclusions drawn by the officer's own investigative assumptions. (See A28, pg. 36, Lns. 17 – A29, pg. 40, Lns. 9)

This false statement was admittedly intentionally made by the officer on the officer's own initative. The statement was material to a finding of Probable Cause to Charge Mr. Winn with Assault Second degree. with this false statement set to one side, the remaining content of the affidavit fails to Allege any allegations of serious physical injury or injury by means of a deadly weapon or dangerous instrument to support a probable Cause finding of Assault Second degree. which is the essential material element necessary to the intent element of a Burglary offense. Without which the remaining Content of affidavit is insufficient to establish a Probable Cause finding of Burglary as well.

Although not played at trial Ms. Gordon's recorded

interrogation revealed that Ms. Gordon repeatedly told officer Provenza that she did not witness an assault on anyone, that by the time of her arrival whatever had transpired was over. Ofc. Provenza is recorded threatening Ms. Gordon with what is clearly false arrest unless Ms. Gordon agreed to be a witness against Mr. Winn.

Ofc. Provenza is recorded telling Ms. Gordon that, " Let me tell you how we see you and 'Pooh", we see you as witnesses because everyone says that ya'll had nothing to do with the matter and were only trying to stop Mr. Winn, from assaulting Ms. Boccelli. But you have a choice to make, you can either be charged up in this thing with Mr. Winn, or you can be a witness against Mr. Winn. which do you want to do ?"

To which Ms. Gordon is recorded responding, " well if its going to keep me out of jail, yeah I send it, I seen everything." (see Gordon's taped statement held in Court vault)

The fact that Ofc. Provenza threatened the statement quoted from Ms. Gordon and submitted in Ofc. Provenza's warrant affidavit clearly demonstrates a reckless disregard for the truthfulness of the statement by the affiant Ofc. Provenza. Ms. Gordon's statement is material to a finding of Probable Cause due to its offered collaborations leaning the indicia of reliability essential to a finding of Probable Cause. when setting such statement to one side the remaining content of the affidavit is insufficient to provide the necessary indicia of reliability due to the fact that the officer witnessed no illegal acts on part of Defendant and no such other witnesses existed.

Duane Rollins recorded interrogation also revealed that Mr. Rollins had not provided Ofc. Provenza with a similar incident to that of Ms. Gordon as claimed by Ofc. Provenza in the warrant affidavit. This false statement was revealed to be false by the tape statement itself and Mr. Rollins Trial testimony. This false statement was material to a finding of Probable Cause because it was used in conjunction with Ms. Gordons false statement to provide the indicia of reliability essential to a finding of Probable Cause and when set to one side the remaining content is insufficient to establish such indicia of reliability.

Therefore, the defendant moves this honorable Court to void this Burglary First degree and Assault Second degree warrants as if Probable Cause is lacking on its face in accordance with the United States Supreme Court Case law set forth in FRANKS V. DELAWARE, 438 U.S. 154, 98 S.Ct. 2674

The Movant further asserts that, in deciding a case of due process under the Delaware Constitution, the Supreme Court of Delaware should ordinarily submit its judgment to that of the United States Supreme Court, if the point at issue has been decided by the United States Supreme Court .... A litigant who asks Delaware Courts, in applying the 'law of the land' Clause of the Delaware Constitution, to disregard a direct Ruling of the Supreme Court of the United States on the same question arising under the due process Clause of the Fourteenth

(25)

Amendment to the Federal Constitution carries a heavy "
burden. *Const. Art. 1, §§ §§ 7, 8, Del. C. Ann.; U.S.C.A. Const.
Amend. 14. General Elec. Co. v. Klein, 1954, 106 A.2d 206.*

Ground Four.          Defendant's Rights under
                      Due Process of law and
                      to a Fair Trial were violated
                      by Judicial and Prosecutorial
                      Misconduct.

Delaware statute Title 11 Subsection 1211 provides:
" A public servant is guilty of official Misconduct when,
intending to obtain a personal benefit or to cause harm to
another person: (1) The public servant commits an act
constituting an unauthorized exercise of official functions,
knowing that the act is unauthorized." 11 Del. C. 35 1211

The Delaware Supreme Court has determined, ' Closing
Arguments is an aspect of a Fair trial which is implicit in the
due process clause of the fourteenth Amendment by which
the states are bound " Hooks v. State, Del. Supr., 416 A.2d 189
(1980); Bailey v. State, 440 A.2d 997, 1003 (1982); Brokenbrough
v. State, Del. Supr., 522 A.2d 851 (1987)

The Delaware Supreme Court adopted a Three-prong test for
determining whether Misconduct error's require reversal
of a conviction because it prejudicially effected substantial
Rights of the accused. The three-prong test standards are:
(1) The Centrality of the issue affected by the alleged error;
(2) The Closeness of the Case; and, (3) The steps taken

to Mitigate the Affects of the Alleged Error. <u>Hughes V.</u>
<u>State, Del. Supre., 437 A.2d At 571.</u>

(1) The Court committed judicial Misconduct when the state
    Requested a lesser included offense instruction because,
    " The jury May conclude that Mr. Winn caused physical
    injury to the victim but not by Means of a deadly weapon
    or dangerous instrument." (A34, pg. 171, Lns. 9-20)
    The Court Expressed the knowledge of the impropriety of
    giving "the so-Called lesser-included offense instruction",
    that is parallel to an amendment of the indictment "because
    of the theory in the case law that the state can only proceed
    in the way the grand jury heard the evidence." therefore,
    there can be no rational basis in the evidence for giving the
    Assault third degree instruction because, "it would require
    a finding of Causation of physical injury other than the way
    the indictment says. (for Actual language used see A34, pg. 172,
    Lns. 7 - pg. 174, Lns. 8.) The Court further acknowledged that,
    the defendant had been defending the case from the "Crowbar
    defense." (A35, pg. 175, Lns. 9-15)
    Despite these acknowledged facts and irreconcilable laws, the
    Court still choose to give the lesser included offense instruction.
    (A38, pg. 2, Lns. 10 - pg. 3, Lns. 17.)

(2) Prior to the Court granting the state's request for the lesser-
    included offense instruction on Monday, September 11, 2006,
    the Court initially denied the state's request at the beginning
    of the hearing. Than Asked the defendant for any comments

he May have on the Court's proposed jury instructions issued on Friday, September 8, 2006. The defendant reiniterated his response to that question, made on Friday. That, he did not know enough about jury-instructions to agree or disagree with the Court's proposed jury instructions (A36, pg. 177, Lns. 14- pg. 179, Lns. 2) This statement seemed to anger the Court, and the Court stated, in that case I, may have misspoken on the state's requested jury instruction. I am prepared to reconsider my position if the state cares to resubmit that motion. The state resubmitted the motion and the court reversed it's ruling. The state than moved the court to only instruct the jury on intention and recklessness. Arguing that the burglary offense required no less than recklessness. And criminal negligence would not suffice. The Court responded, I understand your point and you'll understand what I did when you see it. But I, understand your concern and I address it in my ruling. The Court, than called a sidebar with the Court Reporter, secretary and clerk. The nature of the sidebar was not recorded. But, upon receiving the trial transcripts all of the above events were not included. However, evidence of them exist in the Superior Court docket. The docket notes that the lesser included offense instruction was made on 9/8/06 and denied and, the state resubmitted the motion on 9/11/06 and it was granted (A4, No. 26) yet the transcripts do not reflect the state resubmitting the motion on 9/11/06. The facts suggest that the court instructed the court reporter to remove these events from the transcript. The Court, was well aware of the defendants due process right

to a Meaningful Review on appeal and the fact that incomplete transcripts hinder the defendants ability to demonstrate Misconduct of both the state and the Court and, or unable to assign as error or present effectively Matters which were objected to and the objections overruled to the extent that transcripts would Communicate and support the presentation of them. Otherwise the right to assign error becomes illusory. U.S. v. Upshaw, 448 F.2d 1218 (1971)

The Court knew or should have known, along with the Court Reporter, the law as to the Court Reporter Act. The language of the Court Reporter Act is clear, "[The Reporter] shall Record verbatim by shorthand or Mechanical Means ··· All proceedings in Criminal Cases had in open Court." 28 U.S.C. § 753 (b)(1) And its Requirements are Mandatory and May not be overridden by local practice. Since Compliance with the Act is not difficult and the transcripts is of Crucial importance to the defendant and to the Appellate Court for Meaningful Review exceptions should be few and Narrowly Construed U.S. v. Upshaw, Supra., Citing U.S. v. Workcuff, 137 U.S. App. D.C. 263, 422 F.2d 700 (1970)

(3) Closing Summations immediately followed the Court's decision to give the jury the lesser included offense instructions. And the Court's instructions to the jury immediately followed the Summations. The Court Never issued Revised proposed jury instructions Containing the Courts proposed lesser included offense instructions until after the jury was in deliberations and the Court had been Reconvened to Address An jury Note. (A50, pg.81, Lns.23- pg.82, Lns.6)

(30)

This ERROR, IN CONJUNCTION with the NATURE of the State's lesser included offense Request, the Court's decision to grant that Request and the Court's failure to Carryout its duties under the law, served to effect the defendants substantial rights under due process of law, and deceive the defendant out of Noticing objectionable and highly prejudicial Argument made by the state during their Closing summation to Amounded to prosecutorial Misconduct. And from Noting the objectionable and highly prejudical Jury instructions that Amount to Constructive Amendement of the indictment and judicial Misconduct.

Because the Court failed to issue A Revised proposed jury instruction including a proposed instruction on the lesser included offence the defendant had No way of Knowing that the Court was Not "fully" granting the states Motion to include "Kicks, punches or hits" into the instruction -So when the state told the jury the following:

" when the judge Reads the instruction, that you ARE going to be Able to Consider, if you do Not believe, or if you find him Not guilty beyond A Resonable doubt that her injury was Caused by A fire IRON OR A lesser included offense Charge of assault third degree. That means you could Convict him of an assault in the third degree. which would allege that he Caused her physical injury, period. He recklessly or intentionally Caused physical injury to her. Taking the Crowbar out of the equation, we also heard that he punched her, he Kicked her, he threw her against

(31)

the wall. And you will see photographs and half photographs and documented by the S.A.N.E. Nurse of almost seven different injuries to Ruth Boccelli's body: A bruise here, the cut there, the bruises on the inside of the arms, the bruises on the outside of her arm could have been, and the state submits were caused by the defendant not by use of the crowbar, but by use of his feet and/or his hands. And you can convict on assault in the third degree if you do not find him guilty of assault second degree." (A41, pg. 38, Lns. 23 - pg. 39, Lns. 20)

Only the Court knew that his lesser included offense instruction would not contain the state's closing allegations and therefore, the Court had an obligation to the administration of justice to intervene Sua Sponte and corrective instructions or declare a mistrial.

The Delaware Supreme Court has held, "The Trial Judge Must control the conduct of the Courts officers and the trial judge should act at times without an objection. Hooks v. State, 416 A.2d 204. These sentiments have most recently been reiterated by Chief Justice Burger; we emphasize that the judge has the responsibility to maintain decorum in keeping with the nature of the proceedings; A judge is not a mere Moderator, but is the governor of the trial for the purpose of assuring its proper conduct. Quercia v. United States, 289 U.S. 466, 153 S.Ct. 698, 699, 77 L.Ed 1321 (1933) The Judge Must meet situations as they arise and be able to cope with...

the Contingencies wherent in the Adversary process.
Geders v. United States, 425 U.S. 86, 96 S. Ct. 1334,
Of Course hard blows Can not be Avoided in Criminal
trials; both the prosecutor and defense Counsel Must
be Kept within appropriate bounds. United States v.
Young, 470 U.S. 1, 105 S. Ct. 1038, 84 L. Ed 2d 1. (1985)
WE Will Continue to look to the trial Court to Assure
the highest standards of trial Advocacy." Hooks v.
State, 416 A. 2d 204.

The Delaware Supreme Court has held:
" Fewer things Are More damaging to a defendant's Case
And permits the jury to draw impermissible inferences
that Are entirely unjust. To Allow the defendants Conviction
to stand given these Circumstances would amount to
Manifest injustice Baker v. State, Del. Supr, 906 A. 2d 139.
(2006); State v. Lopez, 359 N.J. super. 222, 819 A. 2d 486 (2003)
To be Clear, The petioner Argues Misconduct by the prosecutor
for Making the Argument And judicial Misconduct for not
Correcting it And not providing the Court's revised proposed
jury instruction prior to Closing Summations.
(4) The State Committed prosecutorial Misconduct when the
   State instructed the jury to find defendant guilty on a
   erroneous interpretation of the law. And the Court
   Committed judicial Misconduct when the Court failed to
   Act without an objection and Clearly tell the jury that the
   States theory of unlawful injury was Wrong.
   The state instructed the jury as to the following:

(33)

" The Code, the Charge states that he did either knowingly enter unlawfully or he did remain unlawfully. That's what the wording of the Code says. And the state subject-- suggest and submits to you, he remained unlawfully. What does that mean? What does that mean? Think about it. He might have entered lawfully because smoke let him in. But the minute he made the intent in his mind to assault Ruth in that dwelling, he is not remaining lawfully anymore because, once you form the intent to commit a crime, you can't be in that place lawfully. You're not in a place committing a crime, lawfully. It's impossible. So, once he started to assault her, even if he had been let in lawfully to begin with, he was no longer in there lawfully when he began his assault on Ruth. So he remained unlawfully and, while he remained unlawfully in a dwelling at night, he did cause physical injury to Ruth. And he had, when he remained unlawfully, he formed the intent to assault her, to commit a crime. Whether he intended to hit her with a crowbar, assault in the second degree, or whether he intended to just kick her and hit and punch her, assault in the third degree. (A42, pg. 41, Lns. 22-pg. 42, Lns. 20)

These statements directly contradicts the law of this state as set forth in 11 Del. C. §§ 829 (4) which defines the definition of entering or remaining unlawfully as follows:

" A person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so. A person, who regardless of his intent, enters or remains upon premises which appear at the time to be open to the public does so with

license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of the premises or another authorized person. A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public."

The official General Assembly's Commentary on Code 839 (4) states in pertinent part:

" It will be impossible under subsection (4) to commit burglary in a store which is at the time open to the public, or to commit criminal trespass in a field which appears at the time to be open for the purposes of hunting, fishing, hiking or camping. In the circumstances just described, no crime is committed until after the owner of the premises or another authorized person communicates to the defendant a lawful order not to enter or remain."

Although the defendant did not object at the time the statements were made to the jury, a timely filed Motion for Acquittal did raise this issue to the Court. (A54 - A55)

Despite the Court's acknowledgement of the state's admitted legal position (A61-A62 and A73-A74) and the law on unlawful entry or remaining unlawfully, the Court failed to uphold this law when clearly the state admitted the position (A61-A62)

This case is alot like State v. Lopez, 359 N.J. Super. 229, 819 A.2d 486 (2003) in principle. That case held that, the state's material misstatement of the law and trial Court's failure to correct the

Misstatement of law, despite defense failure to object, amounted to plain error requiring reversal of conviction.

Clearly this error effected defendant's substantial rights in that it clearly effected the outcome of the trial. Considering that the state presented no other evidence to prove the element of burglary, a finding of guilt necessarily depended on this erroneous interpretation. Without which the jury would have been required to find the defendant not guilty of this element and thus not guilty of burglary and Count III of the indictment.

The issues presented throughout this ground for relief are central to the convictions obtained in Counts I through III of the indictment when you consider that the jury found the defendant not guilty of Assault Second degree thereby requiring like verdicts in Count I, in which Count II was a material element of that offense and guilt of that offense necessarily depended on the Courts jury instructions altering that offense. Which also demonstrates the closeness of the case. And the record demonstrates that the Court did nothing to mitigate the affects of the errors although the defendant raised these issues to the Superior Court, Supreme Court and Sought a writ of Certiorari to rectify them.

## Conclusion

For the reasons set forth herein and upon the laws of this state the convictions and sentences in Counts I through III must be vacated with no further ~~_____~~ prosecutorial consideration. Petitioner so moves.

(36)

7 / 2 / 08

Mr. Hillard M. Winn Pro Se
Delaware Correctional Center
1181 Paddock Road
Snyrna, Delaware, 19977



UM: _p/is/illetM.Winn_

SBI# _152383_____ UNIT _SHU19_

**DELAWARE CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE 19977**





United States District Court
District of Delaware
844 King st, Lockbox 18
Wilmington, Delaware
19801