## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

HILLARD WINN, )
)
      Petitioner, )
)
v. ) Civil Action No. 08-422-GMS
)
PERRY PHELPS, Warden, and )
ATTORNEY GENERAL OF )
THE STATE OF DELAWARE, )
)
      Respondents. )

---

Hillard Winn. *Pro se* petitioner.

James T. Wakley, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

## MEMORANDUM OPINION

Sept 29, 2011
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Hillard Winn ("Winn"). (D.I. 1)  For the reasons discussed, the court will deny the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2006, Ruth Boccelli was introduced to Winn by a friend named Doss. Doss explained to Boccelli that Winn needed a place to stay, because Winn's girlfriend had thrown him out. (D.I. 20 at 1)  Boccelli was living in an apartment in Lexington Green, where she allowed her apartment to be used for illegal drug activities.  Boccelli had no electric or phone service at that time.  Her four and a half year old daughter had recently been removed from the home by the State, due to Boccelli's drug use and the deplorable living conditions in the apartment.  Winn told Boccelli that he needed a place to store his belongings, and he agreed to assist Boccelli with her utility bills and rent.  Winn even offered to help Boccelli get her daughter back, offering to be the child's legal guardian while Boccelli completed drug rehabilitation treatment.  Boccelli agreed to let Winn bring his belongings to her apartment, and Winn brought about ten bags of his things to the apartment.  *Id.* at 1-2.

As part of his agreement to help Boccelli with her payments, Winn asked to be included on Boccelli's lease.  To that end, Boccelli and Winn met with the apartment manager to get an application.  Boccelli told the Department of Family Services worker that Winn was an old boyfriend.  But two days later, Boccelli realized that she had made a mistake.  She called the apartment manager and asked that Winn not be added to the lease.  Because she planned to go into a treatment program, Boccelli accepted that she would be evicted from her apartment.  When

1

Boccelli did not hear from Winn for several days, she moved his bags into the hallway for him to retrieve. After complaints from her neighbors, Boccelli eventually threw Winn's bags into a dumpster. *Id*. at 2.

On March 5, 2006, about ten (10) days after Winn had left his belongings with Boccelli, Winn returned. Boccelli had gone to bed early that evening, around 9:15 p.m. She had been off of drugs for three days, and she had a friend, "Smoke," staying in the living room to help keep out the drug dealers and addicts who used to hang out in the apartment. Boccelli was asleep in the back bedroom, while Smoke slept in a recliner in the front room of the apartment. *Id*.

Boccelli awoke to find Winn standing over her, demanding to know what she had done with his belongings. Winn hit her repeatedly, throwing her into the wall. Boccelli tried to run away, but Winn went after her, kicking her in the stomach so hard that she wet her pants. Although there were no lights on in the apartment, light came in through the sheer curtains. At some point, Boccelli saw Winn swinging a black crowbar or tire iron. Boccelli thought that Winn hit her with the crowbar. Other people had come into the apartment with Winn, although none of the other peopled attacked Boccelli. Boccelli finally told Winn that she had taken his things to the apartment of a woman known as "Mom." Boccelli planned to escape while Winn left to look for his bags at Mom's. However, Winn told his friend "Poohmere" to stay with Boccelli while Winn went to check out his belongings. It was not long before Winn returned even angrier. Poohmere let Winn back into the apartment. Winn threatened to kill Boccelli and said, "Empty the trunk, this f*cking white bitch is going in the ground." Winn threw a chair at Boccelli and continued to push her around. *Id*. at 2-3.

Boccelli eventually convinced Winn that she needed to change her clothes. Poohmere

2

allowed her to go into her bedroom and shut the door. Boccelli moved the bed to block the door, put on a pair of jeans, and then jumped out of the second story window. Boccellli ran into the road, stopped a car, and asked for help. She ran to a parking lot where she saw people coming out of a church. Boccelli ran inside and announced that she had been beaten by a man with a tire iron and that she needed the police. The police arrived, and several persons who were leaving Boccelli's residence were detained. Boccelli was brought to the rear of her building for a show-up where she identified Winn as her assailant. When examined by a forensic nurse three (3) days later, Boccelli had bruising all over her body, including a pattern injury on her left arm. *Id.* at 3.

In April 2006, Winn was indicted on charges of first degree burglary, second degree assault, possession of a deadly weapon during the commission of a felony, and terroristic threatening. *Winn v. State*, 947 A.2d 1123 (Table), 2008 WL 223257, at *1 (Del. Jan. 28, 2008). On the last day of his four-day trial in September 2006, Winn moved for an acquittal of the first degree burglary and second degree assault charges. *Id.* The Superior Court denied Winn's motion, and the jury convicted him of first degree burglary, third degree assault (as a lesser included offense of second degree assault), and terroristic threatening. *Id.* The Superior Court sentenced Winn as an habitual offender in January 2007 to an aggregate of thirty-four (34) years incarceration, suspended after thirty-two (32) years for a term of probation. The Delaware Supreme Court affirmed Winn's convictions and sentences. *Id.*

Winn did not file a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. Rather, in 2008, he filed a Rule 35(a) motion for correction of illegal sentence, which the Superior Court denied. *State v. Winn*, 2010 WL 2477867 (Del. Super. Ct. June 17, 2010). The Delaware Supreme Court affirmed that judgment on February 16, 2011.

3

*Winn v. State*, 15 A.3d 218 (Table), 2011 WL 556439 (Del. Feb. 16, 2011).

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see Woodford,* 538 U.S. at 206.

### B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

4

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coverdale v. Snyder*, 2000 WL 1897290, at *2 (D. Del. Dec. 22, 2000). "Fair presentation of a claim means that the petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Holloway v. Horn*, 355 F.3d 707, 714 (3d Cir. 2004).

### C. Standard of Review

#### 1. Deferential standard of § 2254(d)

When a state court has adjudicated a petitioner's habeas claim on the merits, a federal district court can only grant habeas relief if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *Thomas v. Horn*, 570 F.3d 105, 115

(3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied"; as recently explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, __ U.S. __, 131 S.Ct. 770, 784-85 (2011).

### 2. *De novo* standard of review

If the state's highest court has not adjudicated a federal habeas claim on the merits, but the claim is exhausted and the merits are properly before the federal court on habeas review, then the federal court must review the claim *de novo. See Breakiron v. Horn*, 642 F.3d 126, 131 (3d Cir.\2011)(citing *Porter v. McCollum*, __ U.S. __, 130 S.Ct. 447 (Jan. 19, 2011)). *De novo* review means that the court "must exercise its independent judgment when deciding both questions of constitutional law and mixed constitutional questions." *Williams*, 529 U.S. at 400 (2000)(O'Connor, J., concurring).

### 3. Section 2254(e) and the presumption of correctness

Finally, whether reviewing a habeas application *de novo* or under § 2254(d), a federal court must presume that the state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). This presumption of correctness applies to both implicit and explicit findings of fact, and can only be rebutted by the petitioner upon a showing of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 341(2003)(stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000).

## III. DISCUSSION

Winn's original petition asserted four grounds for relief, each of which contained several sub-issues. After the State filed its answer, Winn moved to delete claim four (judicial and prosecutorial misconduct) from his application, and the court granted that request. (D.I. 30; D.I. 31) Consequently, Winn's petition asserts the following three grounds for relief:

> 1. The trial court constructively amended the indictment by improperly instructing the jury that it could find him guilty of first degree burglary if they found he intended to commit either lesser included offense of second or third degree assault. He argues he should not have been convicted of first degree burglary because he was only convicted of third degree assault.

> 2. Because Winn was charged with first degree burglary under Del. Code Ann. tit. 11, § 612(2), he contends that the trial court's lesser included offense instruction on third degree assault should have used language from § 611(2) rather the language it used from § 611(1). He argues that this erroneous jury instruction constructively amended the indictment, exposing him to double jeopardy and depriving him of adequate notice that he would have to defend against a charge of third degree assault under § 611(1).

> 3. Winn asserts that his Fourth Amendment rights were violated because the police officer's affidavit of probable cause supporting his arrest warrant contained inaccurate statements.

The court will review the claims in seriatim.

### A. Claim One: Improper Jury Instruction Caused Invalid Conviction for First Degree Burglary

Count one of Winn's indictment charged him with first degree burglary, stating that on or about March 5, 2006, Winn "did knowingly enter or remain unlawfully in a dwelling located at 106 Avalon Building at night, with the intent to commit the crime of Assault Second Degree, therein, and when in effecting entry or when in said dwelling or in immediate flight therefrom, he or another participant in the crime did cause physical injury to Ruth Ann Bocelli, who was not a participant in the crime." (D.I. 2 at A23) Count two of the indictment charged Winn with

7

second degree assault, stating that Winn "did intentionally or recklessly cause physical injury to Ruth Ann Boccelli, by means of a crowbar, a deadly weapon or a dangerous instrument as those terms are defined in Title 11, Section 222 of the Delaware Code of 1974, as amended." (D.I. 2 at A23-A24)  After closing arguments, the trial court instructed the jury that third degree assault is a lesser included offense of second degree assault.  The jury convicted Winn of first degree burglary and third degree assault.  Now, in his first claim, Winn asserts two arguments as to why his conviction for first degree burglary is invalid: (1) the trial court constructively amended count one of the indictment in violation of his constitutional rights by instructing the jury that third degree assault was the lesser included offense of second degree assault; and (2) he should not have been convicted first degree burglary because the jury found him guilty of third degree assault, not second degree assault as charged in count one of the indictment.

Winn raised these two issues as one claim to the Delaware Supreme Court on direct appeal.  The Delaware Supreme Court did not review the claim as a constructive amendment argument, but rather, as a challenge to the sufficiency of the evidence for Winn's first degree burglary conviction.

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations on state law issues. *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ; *Riley v. Taylor*, 277 F.3d 261, 310 n.8 (3d Cir. 2001).  Because the Fifth Amendment right to a

8

grand jury indictment does not apply to State criminal prosecutions,[1] "the legality of an amendment to an indictment is primarily a matter of state law." *United States ex. rel Wojtycha v. Hopkins*, 517 F.2d 420, 425 (3d Cir. 1975). Therefore, although the Delaware Supreme Court's failure to address Winn's properly presented "constructive amendment of indictment claim" would normally result in the court's reviewing the claim *de novo*, the court will instead summarily deny the claim for failing to assert an issue cognizable on habeas review.

However, to the extent claim one challenges the sufficiency of the evidence supporting Winn's conviction for first degree burglary, Winn has presented an issue cognizable on habeas review. And, given the Delaware Supreme Court's adjudication of the claim on its merits, the court must review the argument under the deferential standard of § 2254(d).

The clearly established Federal law governing Winn's insufficient evidence claim is *Jackson v. Virginia*, 443 U.S. 307 (1979). Pursuant to *Jackson*, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n.16. Additionally, "a federal habeas court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326. However, it is not necessary that the evidence exclude every reasonable hypothesis except that of guilt. *Id.*

---

[1]*See Apprendi v. New Jersey*, 530 U.S. 266, 272 (1994); *Hurtado v. California*, 110 U.S. 516 (1884).

9

In this case, the Delaware Supreme Court applied a sufficiency of the evidence standard that is indistinguishable from the *Jackson* standard. Therefore, the Delaware Supreme Court's decision is not contrary to clearly established Federal law.

The court also concludes that the Delaware Supreme Court's decision did not involve an unreasonable application of *Jackson*. In order for Winn to be convicted of first degree burglary, the State had to establish the following elements beyond a reasonable doubt: (1) Winn knowingly entered or remained unlawfully in Boccelli's apartment at night with the intent to commit a crime therein (in this case, second degree assault or the lesser-included offense of third degree assault); and (2) when entering or in the apartment or in immediate flight therefrom, Winn caused physical injury to Boccelli. Del. Code Ann. tit. 11, § 826. Under Delaware law, a person acts knowingly with respect to first degree burglary when he is aware that the property involved was a dwelling and that he was entering or remaining unlawfully. (D.I. 26, App. to Appellant's Op. Br. in *Winn v. State*, No.22,2007, at A-756) A person enters or remains unlawfully in a place when he has no license or privilege to bet there; that is, he does not have the permission or consent of the owner of the place to be there. *Id.* at A-755 & A-756.

In order for Winn to be found guilty of second degree assault, the State had to prove beyond a reasonable doubt that Winn intentionally or recklessly caused physical injury to Boccelli by using a crowbar or tire iron. For Winn to be found guilty of third degree assault, the State had to prove beyond a reasonable doubt that Winn intentionally or recklessly caused physical injury to Boccelli. In Delaware, a person acts intentionally with respect to both second degree and third degree assault when it was his conscious object or purpose to cause physical injury to another person. *Id.* at A-758 & A-59. A person acts recklessly with respect to both

10

degrees of assault if he was aware of and consciously disregarded a substantial and unjustifiable risk that physical injury of another person would result from his conduct. *Id.* The risk must be of such a nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation. *Id.*

The evidence adduced at trial in this case established the following. Boccelli lived in the apartment. One night, well after dark, Boccelli's friend "Smoke" let Winn and Winn's friend "Poohmere" into her apartment to look for his possessions. Boccelli told Winn that his bags were at "Mom's," after which Winn left the apartment to check on the whereabouts of his belongings. Boccelli testified that she only told Winn that his bags were at Mom's because she wanted to get him out of the apartment. Winn left Poohmere in the apartment to make sure Boccelli did not lock him out. Winn either had the crowbar with him when he first entered the apartment, or he went back to the car and retrieved the crowbar before re-entering the apartment. When Winn returned, Poohmere, and not Boccelli, let him back into the apartment. Once inside, Winn resumed hitting Boccelli, either with or without the crowbar. Substantial evidence of Boccelli's injuries was introduced at trial.

After considering the record as a whole in a light most favorable to the prosecution, the court concludes that a rational trier of fact could have found Winn guilty of first degree burglary beyond a reasonable doubt. The record contains substantial evidence that Winn entered, re-entered, or remained in the apartment unlawfully after dark;[2] that he intended to harm Boccelli

---

[2]Even if Winn could argue that he was first given permission to enter the apartment because Smoke let him in, the fact that Poohmere, not Boccelli, let him re-enter the apartment, and that Boccelli fabricated the "Mom" story to get Winn out of the apartment, was sufficient to show that Winn returned and remained in the apartment without Boccelli's permission.

physically when he re-entered the apartment; and that he actually physically harmed her. Consequently, the court finds that the Delaware Supreme Court reasonably applied *Jackson* in holding that there was sufficient evidence supporting Winn's conviction for first degree burglary.

Additionally, the court summarily rejects Winn' contention that there was insufficient evidence to support his conviction for first degree burglary because the jury acquitted him of second degree assault and only found him guilty of third degree assault. Winn's acquittal on the second degree assault charge only meant that the jury concluded that Winn did not injure Boccelli with a crowbar, not that Winn did not injure her at all. Indeed, the fact that the jury convicted Winn of third degree assault demonstrates that it found ample evidence that Boccelli's injuries were caused by Winn.

And finally, based on the foregoing, the court concludes that the Delaware Supreme Court reasonably determined the facts in concluding that there was sufficient evidence to support Winn's conviction for first degree burglary. Accordingly, the court will deny claim one for failing to satisfy the requirements of § 2254(d)(1) and (2).

## B. Claim Two: Improper Lesser Included Offense Instruction Caused Improper Constructive Amendment Of Indictment, Violated Winn's Due Process Rights, And Violated His Right To Be Protected Against Double Jeopardy

As previously explained, in order for Winn to be convicted of first degree burglary under Del. Code Ann. tit. 11, § 612(2) , the State had to establish the following elements beyond a reasonable doubt: (1) Winn knowingly entered or remained unlawfully in Boccelli's apartment at night with the intent to commit a crime therein (in this case, second degree assault or the lesser included offense of third degree assault); and (2) when entering or in the apartment or in immediate flight therefrom, Winn caused physical injury to Boccelli. Del. Code Ann. tit. 11, §

12

826. Using language contained in § 611(1), the trial court provided the following lesser included

offense instruction for third degree assault: a person is guilty of third degree assault when the

"person intentionally or recklessly causes physical injury to another person." However, because

count two charged him with second degree assault by intentionally or recklessly causing physical

injury to Boccelli "by means of a crowbar, a deadly weapon or a dangerous weapon," Winn

contends that the lesser included offense instruction should have included the following language

from § 611(2): a person is guilty of third degree assault when "with criminal negligence the

person causes physical injury to another person by means of a deadly weapon or a dangerous

instrument." According to Winn, the indictment only provided notice that he would have to

defend himself against the charge that he caused physical injury by means of a crowbar, not that

he caused physical injury by some other means.

Liberally construing Winn's state filings, the court finds that Winn properly presented his

"improper jury instruction/due process/notice claim" to the Delaware Supreme Court on direct

appeal. The Delaware Supreme Court, however, only reviewed the argument as asserting that the

trial court improperly granted the State's request to instruct the jury on the charge of third degree

assault as a lesser included offense of second degree assault; it did not review the claim as

asserting that the instruction violated Winn's due process right to have notice of the charges

against him. Therefore, the court will review claim two *de novo*.[3]

---

[3]To the extent Winn's argument should be construed as contending that the trial court's
instructions constructively amended the indictment, the court again concludes that the issue is not
cognizable in this proceeding. Similarly, to the extent Winn contends that the trial court violated
state law by using certain statutory language in the jury instruction over other statutory language,
this alleged error of state law does not provide a proper basis for federal habeas relief. *See
Duncan v. Morton*, 256 F.3d 189 (3d Cir. 2001)("the fact that a [an] instruction was allegedly
incorrect under state law is not a basis for habeas relief.")

The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation." U.S. Const. amend VI. This right applies to the states through the Fourteenth Amendment. *In re Oliver*, 333 U.S. 257 (1948). Consequently, a state prisoner has the right "to receive reasonable notice of the charges against him." *Coffield v. Carroll*, 2004 WL 2851801, at *5 (D. Del. Dec. 1, 2004); *cf. Peters v. Kiff*, 407 U.S. 493, 496 (1972).

In turn, as explained by the Supreme Court in *Beck v. Alabama*,

> [a]t common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged. This rule originally developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged. But it has long been recognized that it can also be beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal.

*Beck v. Alabama*, 447 U.S. 625, 633 (1980). "The federal rule is that a lesser included offense instruction should be given 'if the evidence would permit a jury rationally to find [a defendant] guilty of the lesser offense and acquit him of the greater.'" *Hopper v. Evans*, 456 U.S. 605, 611-12 (1982)(quoting *Keeble v. United States*, 412 U.S. 205, 208 (1973)). And, under Delaware law, a trial judge can instruct the jury on a lesser included offense at the request of either party "if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser included offense and acquit the defendant of the greater offense." *State v. Cox*, 851 A.2d 1269, 1275 (Del. 2003).

When, as here, a habeas petitioner alleges that the trial court improperly instructed the jury, the issue is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process . . . not merely whether the instruction is undesirable, erroneous or even universally condemned." *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

Winn creatively attempts to establish a due process violation by arguing the he was not put on notice that he would have to defend against a charge of third degree assault for causing physical injury by any means because the indictment only charged him with second degree assault for causing physical injury by means of a crowbar. This argument, however, is unavailing. To begin, given Winn's failure to provide clear and convincing evidence to the contrary, the court accepts as correct the Delaware Supreme Court's factual finding that there was a rational basis in the record to support a charge of third degree assault as a lesser included offense of second degree assault. *Winn*, 2008 WL 223257, at *1. In turn, even though a defendant's due process rights may be violated if a jury is instructed on an offense not included in the information or indictment and the defendant did not have notice that he might be charged with that offense,[4] several federal courts have held that a defendant charged with a greater offense has sufficient notice that he may also have to defend a against the lesser included offense. *See United States v. Castron-Trevino,* 464 F.3d 536, 542-43 (5th Cir. 2006); *Seymour v. Walker,* 224 F.3d 542, 558 (6th Cir. 2000)(collecting cases); *United States v. Brozyna,* 571 F.2d 742, 746 (2d Cir. 1978); *Vasquez v. Vaughn,* 454 F. Supp. 194, 198 (D.C. Del. 1978). Although the Third Circuit has not addressed this precise issue, the court finds the reasoning in the aforementioned federal cases to be persuasive. Thus, considering that third degree assault is a lesser included offense of second degree assault under Delaware law,[5] the court concludes the indictment provided Winn with

---

[4]*See, e.g, Schmuck v. United States*, 489 U.S. 705, 717-18 (1989).

[5]*See, e.g., Moore v. State*, 822 A.2d 397 (Table), 2003 WL 1987899 at *1 (Del. Apr. 28, 2003); *Scarpone v. State*, 511 A.2d 1 (Table), 1986 WL 16039 at *1 (Del. June 11, 1986). Under Delaware law, the test for determining whether a lesser included offense instruction is appropriate in a given case is twofold. First, the lesser offense must be in fact included in the greater. Del. Code Ann. tit. 11, § 206(b). Second, there must be "a rational basis in the evidence

15

sufficient notice that he may have to defend against a charge of third degree assault. Accordingly, the court concludes that the trial court did not violate Winn's due process right to notice by instructing the jury on the lesser included offense of third degree assault.

The court also rejects Winn's argument that the lesser included instruction on the lesser included offense of third degree assault violated his right to be protected against double jeopardy. The double jeopardy clause of the Fifth Amendment "protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). Here, however, the double jeopardy clause is simply not implicated, because Winn was not successively prosecuted for second degree assault after being convicted of third degree assault, nor was he simultaneously convicted of, or punished for, second degree assault and the lesser included offense of third degree assault. Accordingly, the court will deny claim two in its entirety.

### C. Claim Three: Fourth Amendment Violation

In claim three, Winn contends that his arrest warrant was invalid because the arresting officer "submitted intentionally a knowingly false, sworn arrest affidavit" in violation of his Fourth Amendment rights under *Franks v. Delaware*, 438 U.S. 154 (1978). Pursuant to the rule articulated in *Stone v. Powell*, 428 U.S. 465, 494 (1976), a federal court cannot review a Fourth Amendment claim unless the petitioner was denied a full and fair opportunity to litigate it in the

---

for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense." Del. Code Ann. tit. 11, 206(c); *see also Ward v. State*, 575 A.2d 1156, 1159 (Del. 1990). The rational basis test is fact-dependent, and the suitability of the instruction hinges on the evidence presented. *Id.*

16

state courts. *See Wright v. West*, 505 U.S. 277, 293 (1992)("We have also held . . . that claims under *Mapp* [alleging evidence obtained in violation of the Fourth Amendment] are not cognizable on habeas as long as the courts have provided a full and fair opportunity to litigate them at trial or on direct review."). As a general rule, a petitioner has had a full and fair opportunity to litigate a Fourth Amendment claim if the state has an available mechanism for suppressing evidence seized in or tainted by an illegal search or seizure, irrespective of whether the petitioner actually availed himself of that mechanism. *See Boyd v. Mintz*, 631 F.2d 247, 250 (3d Cir. 1980)*; U.S. ex rel. Hickey v. Jeffes*, 571 F.2d 762, 766 (3d Cir. 1978); *Petillo v. New Jersey*, 562 F.2d 903, 906-07 (3d Cir. 1977). A petitioner has also had a "full and fair" opportunity to litigate his Fourth Amendment claim whether or not the state courts properly or summarily resolved the Fourth Amendment claim. *See, e.g., Marshall v. Hendricks*, 307 F.3d 36, 82 (3d Cir. 2002)(holding that "[a]n erroneous or summary resolution by a state court of a Fourth Amendment claim does not overcome the [*Stone*] bar.") ; *Gilmore v. Marks*, 799 F.2d 51, 56 (3d Cir. 1986), *cert. denied*, 479 U.S. 1041 (1987). Conversely, a petitioner has not had a full and fair opportunity to litigate a Fourth Amendment claim, and therefore, avoids the *Stone* bar, if the state system contains a structural defect that prevented the state from fully and fairly hearing his Fourth Amendment claims. *Marshall*, 307 F.3d at 82.

Here, Winn contends that he was denied a full and fair opportunity to litigate his Fourth Amendment claim because the trial court denied his verbal request for a suppression hearing on the first day of trial, and also because the Delaware Supreme Court "ignored" the instant claim when he raised it on direct appeal. The court is not persuaded. First, Rule 41 of the Delaware Superior Court Rules of Criminal Procedure authorizes a defendant to file a pre-trial motion to

17

suppress evidence, thereby providing a mechanism for presenting Fourth Amendment issues in the Delaware state courts. Second, Winn filed a pre-trial motion to suppress evidence seized during his warrantless search and seizure and dismiss the indictment, which the trial court denied. Although the trial court subsequently denied Winn's verbal request for a suppression hearing on the first day of trial, that denial was due to the fact that Winn's Rule 41 motion was denied earlier. And finally, the record disputes Winn's allegation that the Delaware Supreme Court "ignored" his Fourth Amendment claim. Winn's sixty-four (64) page appellate opening brief only included some vague and cursory references to the Fourth Amendment issue raised here, while it explicitly focused on the three arguments actually considered and rejected by the Delaware Supreme Court. (D.I. 26, Appellate Op. Br. in *Winn v. State*, No.22, 2007) Stated another way, the vague and brief Fourth Amendment references in Winn's opening appellate brief did not put the Delaware Supreme Court on notice that he was raising a Fourth Amendment claim. In these circumstances, the court concludes that Winn had a "full and fair" opportunity to litigate his Fourth Amendment claim. Accordingly, the court will deny claim three as barred by *Stone*.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on

procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Winn's petition fails to warrant federal habeas relief. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## V. CONCLUSION

For the reasons stated, Winn's petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability. An appropriate order shall issue.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HILLARD WINN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-422-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

### ORDER

For the reasons set forth in the Memorandum Opinion issued this date, IT IS HEREBY

ORDERED that:

1. Petitioner Hillard Winn's petition for the writ of habeas corpus filed pursuant to 28

U.S.C § 2254 is **DISMISSED**, and the relief requested therein is **DENIED**.  (D.I. 1)

2. The court declines to issue a certificate of appealability due to Winn's failure to satisfy

the standards set forth in 28 U.S.C. § 2253(c)(2).

Dated: Sept 29 , 2011

CHIEF, UNITED STATES DISTRICT JUDGE